UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ANDRE GARNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RICK HILL, *et al.*,<br><br>　　　　Defendants. | Case No. 2:23-cv-00494-WBS-JDP (PC)<br><br>ORDER |

　　　Defendants Rick Hill, the warden of Folsom State Prison, and Folsom State Prison removed this action from Sacramento Superior Court on March 15, 2023. ECF No. 1. Plaintiff Marcus Garner is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. In his complaint, he alleges that defendants failed to adequately protect him from contracting COVID-19. These allegations are not sufficient to state a claim. I will give plaintiff an opportunity to file an amended complaint.

**Screening and Pleading Requirements**

　　　A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

1

1   immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

2      A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

   The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

   Plaintiff's complaint alleges that Folsom State Prison and warden Hill violated his Eighth and Fourteenth Amendment rights.[1] ECF No. 1-2 at 5, 9. Plaintiff alleges that the prison has failed to mitigate his risk of contracting COVID a second time, after he contracted the disease in

---

[1] Plaintiff styles his claims as arising under both the Eights and Fourteenth Amendments. *See* ECF No. 1-2 at 5. The Fourteenth Amendment's due process clause applies to persons in custody prior to conviction. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Since plaintiff has not shown that he was in custody prior to conviction, he has not established that the Fourteenth Amendment protections apply to his claims. *See Cole v. Sinclair*, No. 3:21-cv-05089-RSM-BAT, 2021 WL 5889377, at *7 (W.D. Wash. Nov. 8, 2021). Additionally, plaintiff has not alleged other claims under the Fourteenth Amendment. Thus, I review plaintiff's claims under the Eighth Amendment.

1   August 2020 while at the prison. *Id.* at 8-10.  He states that he suffers from several underlying
2   medical conditions that put him at heightened risk of suffering greater complications from
3   COVID. *Id.* at 10.  He additionally alleges that the conditions at the prison are unsanitary;
4   specifically, he alleges that in June 2020 a prison block was put under quarantine and tested for
5   COVID, however, those inmates were allowed, by the warden, to use the dining hall before
6   receiving their test results. *Id.*  Plaintiff complains that those inmates should have been fed in
7   their cells. *Id.*  Plaintiff attached to his complaint several healthcare grievances and
8   accompanying responses, his medical records, declarations from other inmates, daily program
9   status reports, court documents for a different matter, and more.
10       Plaintiff's complaint fails to state a claim.  There is no question that COVID poses a
11  substantial risk of serious harm to inmates. *Plata v. Newsom*, 445 F. Supp. 3d 557, 559 (N.D.
12  Cal. 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to
13  prisoners).  The question is whether plaintiff alleges that a defendant's actions or inactions
14  demonstrated deliberate indifference to that risk of harm. *Peyton v. Cates*, No. 1:22-cv-00151-
15  JLT-EPG (PC), 2022 WL 1430752, at *6 (E.D. Cal. May 5, 2022) (explaining that a plaintiff
16  alleging an Eighth Amendment claim must allege "sufficient facts to satisfy the subjective
17  prong," meaning the plaintiff must allege that the defendant "acted with deliberate indifference by
18  disregarding a serious risk to his health or safety").  "The key inquiry is not whether Defendants
19  perfectly responded, complied with every [COVID] CDCR guideline, or whether their efforts
20  ultimately averted the risk; instead, the key inquiry is whether they 'responded reasonably to the
21  risk.'" *Burgess v. Newsom*, No. 1:21-cv-00077-SAB (PC), 2021 WL 4061611, at *4 (E.D. Cal.
22  Sept. 7, 2021) (quoting *Stevens v. Carr*, No. 20-C-1735, 2021 WL 39542, at *4 (E.D. Wis. Jan. 5,
23  2021).
24       While plaintiff alleges that he contracted COVID at the prison previously and is
25  concerned about contracting the disease again, he has not demonstrated that the prison failed to
26  take steps necessary to address the spread of the disease. *Sanford v. Eaton*, No. 1:20-cv-00792-
27  BAM (PC), 2021 WL 1172911, at *6 (E.D. Cal. Mar. 29, 2021) (explaining that "in order to state
28  a cognizable Eighth Amendment claim against the warden, associate wardens and the other

3

defendants named, Plaintiff must provide more than generalized allegations that the warden, associate wardens and other defendants have not done enough regarding overcrowding to control the spread" of COVID-19).  Furthermore, he does not allege that the prison engaged in any particular wrongdoing or that it took specific actions suggesting that it was deliberately indifferent to his serious medical needs.  *Burgess*, 2021 WL 4061611, at *4 ("The bare allegations of the existence of [COVID] and the contraction of [COVID] simply are not enough to state a claim against any defendant for deliberate indifference."); *Blackwell v. Covello*, No. 2:20-cv-01755-DB (P), 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (concluding that "in order to state a cognizable Eighth Amendment claim against the warden plaintiff must provide more than generalized allegations that the warden has not done enough to control the spread" of COVID). Plaintiff's allegation that one prison block was tested and placed under isolation, but allowed to use the dining hall, does not demonstrate that the either defendant failed to take steps appropriate to address the disease.  *See Lucero-Gonzalez v. Kline*, 464 F. Supp. 3d 1078, 1090 (D. Ariz. 2020) (finding that the "[t]he very fact" that the defendants enacted policies to respond to COVID "supports that they have not been subjectively indifferent to the risks posed by COVID-19" to inmates).

      I will grant plaintiff a chance to amend his complaint before recommending that this action be dismissed.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

      Accordingly, it is ORDERED that:

      1. Defendant's request for screening, ECF No. 3, is granted.

      2. Within twenty-one days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

      3. Failure to comply with this order may result in the dismissal of this action.

      4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    April 23, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE