UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ANDRE GARNER, | Case No. 2:23-cv-00494-WBS-JDP (PC) |
| Plaintiff, | ORDER |
| v. | |
| RICK HILL, *et al.*, | |
| Defendants. | |

Plaintiff brings this case against Warden Rick Hill and three "Doe" defendants for violating his Eighth Amendment rights. ECF No. 14 at 3. He vaguely alleges that all defendants failed to protect him from Covid-19 by failing to provide adequate safeguards and to take adequate precautions against infection for the inmates under their control. *Id.* at 3-4. Plaintiff's allegations are vague and conclusory, and they fall short of federal pleading standards. I will grant him leave to amend so that he may correct the deficiencies in his complaint.

1

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

Plaintiff alleges that defendants failed to adequately protect him from Covid-19.  ECF No. 14 at 3-4.  He fails, however, to describe their alleged misconduct in specific terms that would put each defendant on notice as to how each is alleged to have violated plaintiff's rights.  For instance, plaintiff alleges that between August 2020 and August 2021, "the defendant[s'] actions . . . caused the Covid-19 virus to rapidly spread inside the prison . . . ." *Id.* at 4.  He fails, however, to distinguish between each of the four named defendants or, on a more basic level, to describe how any of them specifically violated his rights.  Instead, he offers boilerplate accusations like "[d]efendant John Doe 1 deliberately took actions or inaction knowing that it would cause a material adverse effect on plaintiff . . . ." *Id.* at 8.  Federal pleading standards are not high, but they demand more than this.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).  Adequate pleadings would likely include dates and descriptions of plaintiff's interactions with each of the named defendants.  As it stands, the complaint fails to provide these defendants with sufficient notice of the claims against them.

Plaintiff may amend his complaint to correct these deficiencies.  He is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may file an amended complaint.  If he does not, I will recommend this action be dismissed.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:   November 1, 2023                                                          /s/ Jeremy Peterson
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4