1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARCUS ANDRE GARNER,                    Case No.  2:23-cv-00494-WBS-JDP (PC)

12                 Plaintiff,                SCREENING ORDER FINDING THAT
                                             THE FIRST AMENDED COMPLAINT
13          v.                               FAILS TO STATE A COGNIZABLE
                                             CLAIM AND GRANTING ONE FINAL
14   RICK HILL, *et al.*,                    OPPORTUNITY TO AMEND

15                 Defendant                 ECF No. 14

16

17

18

19

20

21          Plaintiff, a state prisoner proceeding *pro se*, brings this case against Warden Hill and three

22   "Doe" defendants, alleging that all of them violated his Eighth Amendment rights by failing to

23   take adequate precautions to protect him from the Covid-19 virus.  ECF No. 14.  This is

24   plaintiff's second complaint; I found that the first failed to state a claim because it did not make

25   specific allegations that, taken as true, demonstrated any defendant's deliberate indifference.

26   ECF No. 9 at 3-4.  The current complaint suffers from the same deficiency.  I will give plaintiff

27   one final opportunity to amend before recommend this action be dismissed for failure to state a

28   claim.

                                           1

1

**Screening Order**

2

    **I.**       **Screening and Pleading Requirements**

3       A federal court must screen a prisoner's complaint that seeks relief against a governmental

4  entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

5  claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

6  claim upon which relief may be granted, or seeks monetary relief from a defendant who is

7  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

8       A complaint must contain a short and plain statement that plaintiff is entitled to relief,

9  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

10  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

11  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

12  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

13  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

14  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

15  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

16  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

17  n.2 (9th Cir. 2006) (en banc) (citations omitted).

18       The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

19  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

20  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

21  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

22  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

23  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

24  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

25

26

27

28

## II.    Analysis

As before, plaintiff alleges that Warden Hill and the three "Doe" defendants violated his Eighth Amendment rights by failing to protect him from contracting the Covid-19 virus.  ECF No. 14 at 3.  His allegations are bereft of specifics; I cannot tell what—in plaintiff's view—defendants did or failed to do.  Plaintiff comes closest to making such allegations in claiming that defendants allowed infected prisoners to have contact with their uninfected peers.  *Id.* at 7.  He does not, however, allege how or when this contact happened, whether this "allowance" was intentional or the result of inadequate social distancing policies, or how and when defendants knew about different instances of intermingling between the sick and the well.  It may be that some of that information can be gleaned through the approximately fifty-pages of prison documents that plaintiff has appended to the complaint.  I decline, however, to read those documents and infer what has not been explicitly stated in the complaint.  I will offer plaintiff one final opportunity to amend.  He must make specific allegations against each defendant that explain how they acted with deliberate indifference.  Broad allegations of vague insufficiencies will not, as my previous screening order explained, suffice to pass screening.

Plaintiff is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may file an amended complaint.  If he does not, I will recommend this action be dismissed for failure to state a claim.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.
IT IS SO ORDERED.

Dated:    November 28, 2023                        _____
                                                  JEREMY D. PETERSON
                                                  UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28